**Dated: November 15, 2012**

**The following is ORDERED:**



_____
TOM R. CORNISH
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

IN RE:

CHARLOTTE JEANNE JOHNS,                                  Case No. 12-80163-TRC
                                                         Chapter 7
       Debtor.

SHEREE L. HUKILL,
       Plaintiff

v.                                                       Adversary No. 12-8016-TRC

CHARLOTTE JEANNE JOHNS,
       Defendant.

### ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT

There comes on for consideration before the Court Defendant's Motion for Summary Judgment (Docket Entry 12), Plaintiff's Response and Cross-Motion for Summary Judgment (Docket Entry 21), and Defendant's Combined Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment and Response to Plaintiff's Cross Motion for Summary Judgment (Docket Entry 27). After reviewing the briefs and record submitted, the Court determines that both motions

for summary judgment must be denied.

To prevail on a motion for summary judgment, the moving party must establish that there is "no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056. Facts must be viewed in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 380 (2007). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted).

The Court finds that there are genuine issues of fact for trial. Neither party has sufficiently supported its motion for summary judgment. Insufficient evidence was presented to determine issues regarding willful and malicious conduct, and intent to falsify information. The Court cannot make the factual determinations requested by the parties based upon the record presented on summary judgment. Accordingly, Defendant's and Plaintiff's motions must be denied, and the case shall proceed to trial as previously ordered.

IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment (Docket Entry 12) is **denied**.

IT IS FURTHER ORDERED that Plaintiff's Cross-Motion for Summary Judgment (Docket Entry 21) is **denied**.

IT IS FURTHER ORDERED that this matter shall proceed to trial on Monday, December 3, 2012 at 9:00 a.m., in accordance with this Court's Order and Notice of Trial (Docket Entry 16).

###